UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Charles Adams, #309187, | ) | C/A No.  4:25-4768-JD-TER |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| Christopher Helms,  Nancy Livesay, | ) | |
| Renee Elvis, John/Jane Does, | ) | |
| Horry County, | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff is a state prisoner, proceeding *pro se*. Therefore, in the event that a limitations issue arises, Plaintiff shall have the benefit of the holding in *Houston v. Lack*, 487 U.S. 266 (1988) (prisoner's pleading was filed at the moment of delivery to prison authorities for forwarding to District Court). Under Local Rule 73.02(B)(2), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

**PAYMENT OF FILING FEE**

Plaintiff has submitted a filing which can be construed as a Motion for leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915.  A review of the motion reveals that Plaintiff should be relieved of the obligation to prepay the full filing fee. Plaintiff's motion for leave to proceed *in forma pauperis* is **granted**, subject to the court's right to require a payment if Plaintiff's financial condition changes, and to tax fees and costs against Plaintiff at the conclusion of this case if the court finds the case to be without merit.  *See Flint v. Haynes*, 651 F.2d 970, 972-74 (4th Cir. 1981). (ECF No. 2). By filing this case, Plaintiff has incurred a debt to the United States of America in the amount of $350.[*]  *See* 28 U.S.C. § 1914.  This debt is not dischargeable in the event Plaintiff seeks relief under the bankruptcy provisions of the United States Code.  *See* 11 U.S.C. § 523(a)(17).  The Prison Litigation Reform Act (PLRA) of 1996 permits a prisoner to file a civil action without prepayment of fees or security, but requires the prisoner "to pay the full amount of the filing fee" as funds are available.  *See* 28 U.S.C. § 1915(a) and (b).  As the court has granted Plaintiff permission to proceed *in forma pauperis*, **the agency having custody of Plaintiff shall collect payments from Plaintiff's prisoner trust account in accordance with 28 U.S.C. § 1915(b)(1) and (2), until the full $350 filing fee is paid.**

**MOTION TO APPOINT**

Plaintiff has moved for appointment of counsel. (ECF No. 3). There is no constitutional right to counsel in a civil case. Plaintiff alleges his indigency, incarceration, and complexity of case are his reasons for requesting counsel. While the court has discretion to request appointment of counsel for an indigent in a civil action, such appointment "should be allowed only in exceptional cases."

---

[*]  Effective May 1, 2013, an administrative fee of $50 was added to the filing fee of $350. In December 2023, the $50 administrative fee was increased to $55; however, it is <u>not</u> applicable to *in forma pauperis* cases.

28 U.S.C. 1915(e)(1); *Smith v. Blackledge*, 451 F.2d 1201, 1203 (4th Cir. 1975); *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975).  A finding of exceptional circumstances turns on the type and complexity of the case, and the abilities of the individual bringing it. *Whisenant v. Yuam*, 739 F.2d 160 (4th Cir. 1984), *abrogated on other grounds by, Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296 (1989). If it is apparent that a pro se litigant "has a colorable claim but lacks the capacity to present it, the district court should appoint counsel to assist him." *Whisenant,* 739 F.2d at 163. In a § 1983 action, the Fourth Circuit explained that a district court must conduct a fact specific inquiry in analyzing whether a case presents exceptional circumstances: (1) whether the plaintiff has a colorable claim, and (2) considering the claim's objective complexity and the plaintiff's subjective abilities, whether the plaintiff "lacks the capacity to present it." *Jenkins v. Woodard*, 109 F.4th 242, 247 (4th Cir. 2024). The Fourth Circuit made clear that a district court's failure to assess "(1)whether the plaintiff asserts a claim that is not frivolous, (2) the difficulty of the claim, and (3)whether the plaintiff can present the claim considering the skill required to do so and the plaintiff's individual abilities" is legal error. *Id.* Plaintiff has not presented a colorable claim and this same day this action has been recommended for summary dismissal. Further, Plaintiff has presented no deficits in subjective abilities like the plaintiff in *Jenkins* presented.  There are no exceptional circumstances for appointment of counsel at this procedural stage.  Plaintiff's motion is denied. (ECF No. 3).

**TO THE CLERK OF COURT**:

 This case is subject to dismissal. Therefore, the Clerk of Court shall **_not_** issue any summonses nor shall the Clerk of Court forward this matter to the United States Marshal for service of process at this time.

 The Clerk of Court shall not enter any change of address submitted by Plaintiff which directs that mail be sent to a person other than Plaintiff unless that person is an attorney admitted to practice before this court who has entered a formal appearance.

**TO PLAINTIFF**:

 Plaintiff must place the civil action number listed above on any document provided to the court pursuant to this Order.  **Any future filings in this case must be sent to ((Post Office Box 2317, Florence, South Carolina 29503) the address below.**  All documents requiring Plaintiff's signature shall be signed with Plaintiff's full legal name written in Plaintiff's own handwriting. Pro se litigants shall *not* use the "s/typed name" format used  in the Electronic Case Filing System.  In all future filings with this court, Plaintiff is directed to use letter-sized (8½ inches by 11 inches) paper only, to write or type text on one side of a sheet of paper only and not to write or type on both sides of any sheet of paper.  Plaintiff is further instructed not to write to the edge of the paper, but to maintain one inch margins on the top, bottom, and sides of each paper submitted.

 Plaintiff is a pro se litigant.  Plaintiff's attention is directed to the following important notice:

 You are ordered to always keep the Clerk of Court advised **in writing (Post Office**

**Box 2317, Florence, South Carolina 29503**) if your address changes for any reason, so as to assure that orders or other matters that specify deadlines for you to meet will be received by you.  If as a result of your failure to comply with this Order, you fail to meet a deadline set by this court, **your case may be dismissed for violating this Order.**  Therefore, if you have a change of address before this case is ended, you must comply with this Order by immediately advising the Clerk of Court in writing of such change of address and providing the court with the docket number of all pending cases you have filed with this court. Your failure to do so will not be excused by the court.

**IT IS SO ORDERED**.

s/Thomas E. Rogers, III

August 4, 2025                              Thomas E. Rogers, III
Florence, South Carolina          United States Magistrate Judge