IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Charles Adams, #309187, | ) | Case No.: 4:25-4768-JD-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER AND OPINION |
| Christopher Helms, Nancy Livesay, | ) | |
| Renee Elvis, John/Jane Does, | ) | |
| Horry County, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Thomas E. Rogers, III (DE 15), issued pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) of the District of South Carolina. The Report concerns the Magistrate Judge's prescreening of Plaintiff Charles Adams, #309187's ("Plaintiff") Amended Complaint (DE 8) pursuant to 28 U.S.C. § 1915(e)(2)(B). (DE 15.) The Report recommends that this action be summarily dismissed without prejudice and without issuance and service of process for failure to state a claim upon which relief can be granted against the named Defendants.[1] (DE 15.)

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

A.     Background

The Report accurately outlines the relevant facts and legal standards, which the Court incorporates herein by reference. A brief summary is provided for context.

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, filed this civil action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights arising from his criminal proceedings and subsequent post-conviction relief ("PCR") proceedings in state court. (DE 8.) Plaintiff alleges that certain prosecutors and court personnel engaged in misconduct during his PCR proceedings and that court staff improperly handled filings related to his post-conviction and civil matters. (Id.) Plaintiff's claims arise from state criminal and post-conviction proceedings that resulted in the denial of post-conviction relief, and Plaintiff has not alleged that his conviction or sentence has been reversed, expunged, or otherwise invalidated.

Plaintiff alleges that Defendant Christopher Helms provided false testimony during Plaintiff's January 2023 PCR hearing and that other defendants, including court personnel and Horry County, participated in conduct that allegedly obstructed Plaintiff's access to the courts. (DE 8 at 3–4.) Plaintiff asserts that these actions violated his constitutional rights under the First and Fourteenth Amendments. (Id.)

Aside from his claims relating to the PCR proceedings, Plaintiff also alleges that certain post-judgment or collateral filings he attempted to submit in 2025 were not properly docketed or were otherwise delayed, which he contends impeded judicial review of his claims. (See DE 20.) Plaintiff, therefore, seeks damages and other relief based on these alleged constitutional violations.

B.     Report and Recommendation

On August 4, 2025, the Magistrate Judge issued the Report. The Report recommends that this action be dismissed without prejudice and without issuance and service of process. (Id. at 9.)

To begin with, the Magistrate Judge set out the governing screening standards, explaining that although pro se pleadings are liberally construed, a complaint remains subject to summary dismissal if it fails to state a claim on which relief may be granted, is frivolous or malicious, or seeks monetary relief from a defendant who is immune from such relief. (DE 15 at 1–2.) The Report also explained that liberal construction does not permit the court to rewrite a complaint, construct legal arguments for a plaintiff, or ignore a clear failure to allege facts stating a cognizable federal claim. (Id. at 2.)

Turning to the merits, the Magistrate Judge grouped Plaintiff's allegations into two categories: (1) claims arising from Defendant Helms's testimony at Plaintiff's 2023 post-conviction relief ("PCR") hearing and related allegations against solicitors Helms and Livesay, and (2) claims against Horry County Clerk of Court personnel based on the alleged handling of Plaintiff's later court filings. (DE 15 at 3–5, 7–8.)

As to Defendants Helms and Livesay, the Report concluded they are subject to summary dismissal because the challenged conduct is protected by absolute immunity. (DE 15 at 4–7.) The Magistrate Judge explained that prosecutors are absolutely immune for conduct "intimately associated with the judicial phase of the criminal process," and that such immunity extends to post-conviction proceedings.

3

(Id. at 4 (citing, inter alia, Imbler v. Pachtman, 424 U.S. 409, 430 (1976)); see also id. at 4–5.) The Report also concluded that, to the extent Plaintiff sought to impose liability based on testimony given at the PCR hearing, witnesses are also absolutely immune from damages liability for testimony given in legal proceedings. (Id. at 5 (citing Briscoe v. LaHue, 460 U.S. 325 (1983)); see also id. at 5–6.) After addressing the specific allegedly false statements identified in the Amended Complaint, the Magistrate Judge found that Plaintiff had not plausibly alleged any exception to either prosecutorial immunity or witness immunity. (Id. at 5–7.) The Report therefore concluded that Defendants Helms and Livesay are "absolutely immune as to the facts alleged" and that Plaintiff failed to state a Fourteenth Amendment claim against them. (Id. at 7.)

The Report also noted, though it did not rely exclusively on that ground, that Heck v. Humphrey, 512 U.S. 477 (1994), "may apply to bar some of Plaintiff's allegations," but stated it was unclear whether success on Plaintiff's claim for damages based on four statements from PCR testimony would necessarily imply the invalidity of his still-valid conviction. (DE 15 at 6 n 4.) The Magistrate Judge therefore proceeded to analyze the claims on a defendant-by-defendant basis rather than recommending dismissal of the entire action solely under Heck. (Id.)

With respect to Defendant Elvis, the Horry County Clerk of Court, and the Doe clerk's office employees, the Magistrate Judge concluded they are entitled to quasi-judicial immunity for actions taken as part of the judicial process, including filing-related tasks. (DE 15 at 7–8.) The Report observed that Plaintiff alleged his Rule

60(b)(3) motion was "buried" or mishandled, but the public record showed the motion and related filing were both entered in the state-court docket on the same date and under the same entry, listed as separate titles. (Id. at 7.) The Magistrate Judge also noted that Plaintiff's fraud allegations related to Helms's 2023 PCR testimony, while the Rule 60 motion was filed in February 2025, after the PCR action had concluded and after remittitur had issued from the South Carolina Supreme Court in October 2024. (Id. at 7–8.) On that basis, the Report concluded Plaintiff had failed to state a claim overcoming quasi-judicial immunity or otherwise establishing a constitutional denial of access to the courts. (Id. at 7–8.)

As to Horry County, the Magistrate Judge separately concluded that Horry County is subject to summary dismissal because it is entitled to Eleventh Amendment immunity and because Plaintiff's attempted allegation of "municipal liability" was stated only in a general, vague, and conclusory manner insufficient to plausibly state a claim for relief. (DE 15 at 8.)

Finally, because the Report concluded Plaintiff had stated no plausible federal claim against any Defendant, the Magistrate Judge recommended that the Court decline to exercise supplemental jurisdiction over any state-law claims and to dismiss those claims without prejudice. (DE 15 at 8–9.) The Report thus concluded that Plaintiff's Amended Complaint, taken as a whole, fails to state a claim for violation of his constitutional rights and recommended dismissal of the action without prejudice under §§ 1915(e) and 1915A and without issuance and service of process. (Id. at 9.)

C.     Legal Standard

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (citing Thomas v. Arn, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

D.     Plaintiff's Objections

Plaintiff filed timely objections to the Report. (DE 18.) Liberally construed, Plaintiff's objections principally challenge: (1) the immunity analysis as to Defendant Helms; (2) the Report's treatment of Plaintiff's allegations of false testimony, fraud upon the court, and documentary proof; (3) the Report's discussion of certain dates, surveillance evidence, and other factual matters; (4) the dismissal of the claims against the clerk-related defendants based on quasi-judicial immunity and failure to state a claim; (5) the Report's references to Heck and Rule 60(b)(3); (6) the dismissal of the claim against Horry County; and (7) the Magistrate Judge's authority to

6

consider immunity at the preservice screening stage. The Court addresses those objections below. (See generally DE 18.)

1.    Objections One, Two, Eight, and Nine: Helms's Status, Alleged False Testimony, Fraud Upon the Court, and the Scope of Immunity

Plaintiff first argues that the Report wrongly applied prosecutorial immunity to Defendant Helms because Helms allegedly was no longer serving as a prosecutor at the time of the January 2023 PCR hearing, but was acting as a private attorney. (DE 18 at 2–3.) Plaintiff further contends that immunity does not apply because Helms allegedly provided knowingly false testimony and committed fraud upon the court, and Plaintiff insists that the documentary materials attached to his pleadings establish that the testimony was objectively false. (Id. at 3–6, 11–13.) These objections are overruled.

The objection to Helms's status does not undermine the recommendation of dismissal. The Report discussed both prosecutorial immunity and witness immunity. (DE 15 at 4–5.) Even assuming for purposes of review that Plaintiff is correct that Helms was not serving as a prosecutor at the time of the PCR hearing, Plaintiff's claim still arises from Helms's testimony in a judicial proceeding. The Report separately concluded that witnesses are absolutely immune from damages liability for testimony given in legal proceedings. (Id. at 5 (citing Briscoe v. LaHue, 460 U.S. 325 (1983)); see also id. at 5–7.) That independent ground supports dismissal of Plaintiff's claims based on Helms's PCR testimony.

Nor do Plaintiff's allegations of "fraud upon the court," "objective falsity," or "documentary proof" alter that conclusion. The Magistrate Judge expressly

considered Plaintiff's allegations that Helms's statements were false and reviewed the attached materials Plaintiff contended proved perjury, including the email to Clayton, the search-warrant affidavit, and the police reports. (DE 15 at 5–6.) The Report nevertheless concluded that Plaintiff had not plausibly alleged any exception to prosecutorial immunity or witness immunity. (Id. at 5–7.) Plaintiff's disagreement with the Magistrate Judge's characterization of the evidence, or Plaintiff's relabeling of the alleged misconduct as "fraud" rather than false testimony, does not overcome the absolute witness immunity that bars damages claims arising from testimony in court. Accordingly, these objections provide no basis to reject the Report's recommendation as to Defendants Helms and Livesay.

2.      Objection Three: Alleged Factual Errors Regarding Timing and Surveillance Evidence

Plaintiff next argues that the Report misstated the timeline regarding the April 19, 2021, email to Clayton and improperly conflated different surveillance videos or different criminal incidents when discussing the underlying evidence. (DE 18 at 6–7.) This objection is overruled.

The Court has reviewed de novo the objected-to portions of the Report and the materials cited by Plaintiff. Even assuming Plaintiff's preferred reading of the dates, sequence of events, and surveillance evidence, those asserted factual corrections do not alter the dispositive grounds on which the Report recommends dismissal. As explained above, Plaintiff's claims against Helms and Livesay based on PCR testimony are barred by absolute witness immunity, and the Report also concluded that Plaintiff failed to state a plausible constitutional claim against those defendants.

(DE 15 at 5–7.) Thus, even crediting Plaintiff's objections concerning the exact timeline or evidentiary details, the objections do not supply a basis for relief in this § 1983 action.

   3.    Objections Four and Seven: Clerk Defendants, Alleged Record Manipulation, Routing of Filings, and Quasi-Judicial Immunity

Plaintiff next objects to the dismissal of his claims against Defendant Elvis and the Doe clerk's office employees. He argues that these defendants did more than merely process filings and instead deliberately manipulated records, marked motions as "completed" without judicial review, and routed motions to the Attorney General's office rather than to a judge. (DE 18 at 7–11.) These objections are overruled.

The Report concluded that the clerk-related defendants are entitled to quasi-judicial immunity for tasks undertaken as part of the judicial process, including filing-related duties. (DE 15 at 7–8.) In support, the Report relied on authority recognizing that court clerks are generally entitled to quasi-judicial immunity for judicially related acts performed for the court. See id. at 7–8 (citing Ross v. Baron, 493 F. App'x 405, 406 (4th Cir. 2012); Adams v. Grant, No. 2:17-cv-2833-RMG-MGB, 2017 WL 6048913, at *3 (D.S.C. Nov. 9, 2017)). The Magistrate Judge further explained that, notwithstanding Plaintiff's allegation that his Rule 60 motion was "buried," the public record showed that the motion and related filing were in fact entered on the state-court docket on the same date and under the same entry, listed as separate titles. (DE 15 at 7.) The Report also noted that Plaintiff's allegations concerned an attempt to raise fraud claims in a PCR matter that had already concluded, and that Plaintiff's February 2025 motion was filed after remittitur had

9

issued in October 2024 and outside the one year referenced in the Report. (Id. at 7–8.)

Plaintiff's cited authorities do not require a different result. In Mireles v. Waco, the Supreme Court explained that immunity turns on the nature and function of the act performed, not on allegations that the act was erroneous, malicious, or in excess of authority. 502 U.S. 9, 11–13 (1991). Applying that functional approach here, the conduct alleged by Plaintiff concerns filing, docketing, and routing court papers in connection with court proceedings—functions the Report properly treated as judicially related. By contrast, Young v. United States ex rel. Vuitton et Fils S.A., 481 U.S. 787 (1987), addressed the appointment of an interested private prosecutor in a criminal contempt proceeding, not quasi-judicial immunity for court clerks performing filing-related duties. Plaintiff's reliance on Young is therefore misplaced.

Upon de novo review, the Court agrees with the Magistrate Judge that Plaintiff's allegations do not plausibly transform the complained-of conduct into nonjudicial action outside the scope of quasi-judicial immunity. Nor do the objections undermine the Report's additional conclusion that Plaintiff failed to state a viable constitutional claim arising from the handling of those filings, particularly where the public record reflected that the filings were docketed and the underlying PCR matter had already concluded. Accordingly, the objections to the dismissal of the claims against Defendant Elvis and the Doe clerk defendants are overruled.

4.    Objection Five: Heck v. Humphrey

Plaintiff next contends that the Magistrate Judge misapplied Heck v. Humphrey, 512 U.S. 477 (1994), because Plaintiff challenges the integrity of the PCR process and related procedures rather than the validity of his underlying conviction. (DE 18 at 8–9.) This objection does not warrant rejection of the Report.

The Court agrees that the Report did not treat Heck as a dispositive ground for dismissal of the action as a whole. Rather, the Report stated that Heck "may apply to bar some of Plaintiff's allegations," but that it was "unclear" whether success on Plaintiff's claim for damages based on statements made during the PCR hearing would necessarily imply the invalidity of Plaintiff's still-valid conviction. (DE 15 at 6 n.4.) The Magistrate Judge therefore proceeded to analyze the claims on a defendant-by-defendant basis and recommended dismissal on immunity and failure-to-state-a-claim grounds. (Id. at 6 n.4, 7–9.) Because the Report did not rely on Heck as an independent, global bar to all claims, Plaintiff's objection on that point does not undermine the recommendation of dismissal.

5.    Objection Six: Horry County

Plaintiff next objects to the dismissal of Horry County, arguing that counties are not entitled to Eleventh Amendment immunity and that he has adequately alleged municipal liability. (DE 18 at 9–10.) This objection is sustained in part and overruled in part.

The Court agrees with Plaintiff that the Report's Eleventh Amendment analysis, as applied to Horry County, should not be adopted. The Eleventh

11

Amendment extends to States and appropriate state entities, but it does not extend to counties and similar municipal corporations. See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 280 (1977). The Court, therefore, declines to adopt the portion of the Report stating that Horry County is entitled to Eleventh Amendment immunity.[2]

That conclusion does not alter the result, however. The Report also concluded that Plaintiff's attempted allegation of municipal liability against Horry County consisted only of a "general, vague, conclusory statement" that failed to plausibly state a claim for relief. (DE 15 at 8.) Upon de novo review, the Court agrees with that aspect of the Report. Plaintiff's allegations of "systematic coordination," "institutional practices," and "administrative obstruction" do not plausibly allege that a constitutional violation resulted from an official policy, a widespread custom or practice, or a decision by a final policymaker attributable to Horry County. See DE 8 at 6–7; DE 18 at 9–10. Accordingly, although the Court declines to adopt the Report's Eleventh Amendment rationale as to Horry County, the claim against Horry County remains subject to dismissal for failure to state a plausible claim for municipal liability under § 1983.

---

[2]    The Report stated that Horry County was entitled to Eleventh Amendment immunity, citing Blakely v. Mayor of Greenville County, No. 6:12-cv-02587-MGL-KDW, 2012 WL 6675095, at *2 (D.S.C. Sept. 25, 2012). (DE 15 at 8.) The Court declines to adopt that portion of the Report.

6.    Objection Eleven: Rule 60(b)(3), Fraud Upon the Court, and Timeliness

Plaintiff next argues that the Magistrate Judge erred in referring to a one-year limitation for fraud under Rule 60(b)(3), contending that "fraud upon the court" may also be raised under other theories not subject to that same time limitation. (DE 18 at 15–17.) This objection is overruled.

The objection does not alter the disposition of this federal action. The Report's discussion of timeliness arose in the course of addressing Plaintiff's allegations concerning the handling of his attempt to obtain post-judgment relief in the concluded state PCR case. (DE 15 at 7–8.) Whatever arguments Plaintiff may wish to present in state court regarding fraud upon the court, Rule 60, or the scope of a state court's inherent authority, those contentions do not establish a viable § 1983 claim against the defendants named here, nor do they overcome the immunity doctrines and pleading deficiencies identified in the Report. Accordingly, this objection provides no basis to reject the recommendation of dismissal.

7.    Objections Ten and Twelve: Burden of Proof, Preservice Screening, and Sua Sponte Consideration of Immunity

Finally, Plaintiff argues that the Report improperly placed him "on trial," focused too heavily on his guilty plea and criminal case, and improperly considered immunity sua sponte before any defendant had been served or had asserted such a defense. (DE 18 at 13–16.) These objections are overruled.

The Magistrate Judge was required to screen Plaintiff's pleading under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A and to determine whether the Amended Complaint failed to state a claim or sought relief from defendants who are immune from suit.

13

(See DE 15 at 1–2.) In conducting that review, the Magistrate Judge did not place Plaintiff on trial or require him to prove the merits of his claims. Rather, the Report evaluated whether the allegations, attachments, and matters of public record stated a plausible federal claim for relief. Nor did the Magistrate Judge act improperly in considering immunity at the screening stage. Section 1915(e)(2)(B) expressly contemplates dismissal of claims seeking relief from immune defendants before service of process. Plaintiff's reliance on authority concerning other procedural contexts does not alter the Court's statutory obligation to conduct preservice screening in an in forma pauperis action. These objections, therefore, provide no basis to reject the Report.

8.     Conclusion as to Objections

In sum, the Court has conducted the required review of the portions of the Report objected to. Except as noted above with respect to the Report's Eleventh Amendment rationale as to Horry County, Plaintiff's objections do not undermine the Magistrate Judge's ultimate conclusion that the Amended Complaint fails to state a claim upon which relief can be granted and seeks relief from defendants who are immune from suit. The objections are therefore overruled, except that the Court declines to adopt the Report's Eleventh Amendment analysis as to Horry County and instead dismisses the claim against Horry County for failure to state a plausible municipal-liability claim under § 1983.

E.    Plaintiff's Proposed Third Amended Complaint (DE 17)

After the Report was issued, Plaintiff tendered a proposed Third Amended Complaint, which was docketed as a court-only proposed document. (DE 17.) Plaintiff did not file a separate motion for leave to amend. Because Plaintiff had filed an Amended Complaint at DE 8, any further amendment required leave of court. Fed. R. Civ. P. 15(a)(2). The Court therefore construes DE 17 liberally as a request for leave to amend.

Having reviewed the proposed pleading, the Court concludes that the amendment would be futile. The proposed Third Amended Complaint arises from the same core events and advances substantially similar theories of liability as the operative Amended Complaint, including claims based on Helms's PCR testimony, alleged misconduct by clerk-related defendants in connection with post-conviction filings, and purported municipal liability against Horry County. The proposed pleading does not cure the legal deficiencies identified in the Report, including the applicability of immunity doctrines, the absence of a plausible constitutional claim against the clerk-related defendants, and the failure to allege a plausible basis for municipal liability under § 1983. Accordingly, to the extent DE 17 is construed as a motion for leave to amend, that request is denied as futile.

F.    Plaintiff's Emergency Motion to Compel Docketing, Supplement the Record, and Expedite Review (DE 20)

Plaintiff also filed an "Emergency Motion to Compel Docketing, Supplement the Record, and Expedite Review of Objections to R&R." (DE 20.) In that motion, Plaintiff asks the Court to compel docketing of materials he contends were omitted

15

from the record, to supplement the record with those materials, and to delay ruling until the Court has reviewed them. (DE 20 at 1–3.) The motion is denied.

First, the Court notes that the docket reflects Plaintiff's proposed Third Amended Complaint was received and docketed as a court-only proposed document at DE 17. See DE 17; DE 20 at 1–3. Thus, to the extent Plaintiff seeks an order compelling docketing of that proposed amended pleading, the request is moot. The docket also reflects that this matter is before the Court for ruling on the Report and Recommendation as to the operative Amended Complaint filed at DE 8. (DE 23.)

To the extent Plaintiff seeks to supplement the record with additional materials attached to DE 20, including the Clayton affidavit and excerpts Plaintiff contends support a vindictive-prosecution theory, the motion is also denied. The Court has considered Plaintiff's objections, the submissions tendered after the Report, and the materials Plaintiff identifies in DE 20. Even considering those materials, they do not alter the Court's conclusion that dismissal is warranted. As explained above, Plaintiff's claims based on testimony given during the PCR proceedings remain barred by the applicable immunity doctrines, and Plaintiff's clerk-related allegations still do not state a plausible federal claim overcoming quasi-judicial immunity or otherwise requiring rejection of the Report. (DE 15 at 4–9; DE 20-1.)

Nor does DE 20 warrant delaying disposition of this case. The motion largely reasserts Plaintiff's view that certain materials prove perjury, fraud, vindictive prosecution, and obstruction of judicial review. (DE 20 at 1–3.) But those contentions

16

either repeat arguments already raised in Plaintiff's objections or attempt to recast the same underlying events through additional labels and exhibits. They do not cure the legal defects identified in the Report and addressed in this Order. Accordingly, DE 20 provides no basis to stay the ruling, to reopen the screening analysis, or to reject the Magistrate Judge's recommendation.

Accordingly, Plaintiff's Emergency Motion to Compel Docketing, Supplement the Record, and Expedite Review (DE 20) is DENIED.

G.    Conclusion

The Court has conducted a thorough review of the entire record here, including the Report and Recommendation of the Magistrate Judge, Plaintiff's objections, the proposed Third Amended Complaint, Plaintiff's post-Report motion practice, and the applicable law. The Court has reviewed de novo those portions of the Report to which Plaintiff lodged specific objections and has reviewed the remainder for clear error. Having completed that review, the Court agrees with the Magistrate Judge's ultimate conclusion that Plaintiff's Amended Complaint (DE 8) is subject to summary dismissal.

The Court writes separately only to clarify one point. With respect to Horry County, the Court declines to adopt the Report's conclusion that Horry County is entitled to Eleventh Amendment immunity. Nevertheless, dismissal of Horry County remains warranted because Plaintiff has failed to allege facts sufficient to state a plausible claim for municipal liability under 42 U.S.C. § 1983. In all other respects, the Court concludes that the Report correctly applies the governing law and properly

recommends dismissal of Plaintiff's claims based on the applicable immunity doctrines and Plaintiff's failure to state a cognizable federal claim.

Accordingly, the Court ADOPTS the Report and Recommendation (DE 15) AS MODIFIED herein, OVERRULES Plaintiff's objections (DE 18), DENIES leave to amend as to Plaintiff's proposed Third Amended Complaint (DE 17), and DENIES Plaintiff's Emergency Motion to Compel Docketing, Supplement the Record, and Expedite Review (DE 20).

This action is DISMISSED WITHOUT PREJUDICE and without issuance and service of process under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. To the extent Plaintiff asserts any state-law claims, the Court declines to exercise supplemental jurisdiction over those claims, and they are likewise DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
April 24, 2026

NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.

18